UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM CASTRO,

    Defendant.
_____/

Case No.   91-708-CR-ROETTGER(s)

MOTION TO STAY RULING
UPON ISSUANCE OF FINAL
ORDER OF FORFEITURE

    The Defendant, **WILLIAM CASTRO**, through undersigned counsel, respectfully moves this Honorable Court to stay ruling upon the issuance of a final order of forfeiture. In support, the Defendant avers:

    1. On April 30, 1998, the Clerk of the Court sent this Court and all counsel of record a "Notification of 90 Days Expiring and Ripeness for Hearing," pursuant to S.D. Fla. L.R. 7.1(B)(3), with respect to Plaintiff's Motion for a Final Order of Forfeiture as to William Castro and Defendant's Motion for Proposed Final Order of Forfeiture.

    2. Undersigned counsel also represents the Defendant in a motion to vacate his conviction filed pursuant to 28 U.S.C. §2255. See William Castro v. United States, case no. 98-324-CIV-Roettger. In his second amended petition, the Defendant has raised five (5) grounds,[1] anyone of which may require his RICO

---

[1]    They are:

    1.    THE JURY WAS INSTRUCTED ON A LEGALLY INADEQUATE THEORY TO PROVE AN AGREEMENT TO PARTICIPATE IN A RICO CONSPIRACY, THAT IS, BY AGREEING PERSONALLY TO COMMIT AT LEAST TWO PREDICATE ACTS.

    2.    THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE DEFENDANT AGREED TO PARTICIPATE IN A SINGLE RICO CONSPIRACY WITH THE "SAME CRIMINAL OBJECTIVE."

conspiracy conviction to be vacated. Most compelling is the Movant's first ground, which the government, in a recent response to a pleading filed by co-defendant Alfonso Sepe, has in effect, admitted to being meritorious. (R1605-2). Set forth below in number three (3) is an excerpt from the memorandum of law, yet to be filed[2] in the civil case, which makes this argument.

> 3.    I.    **THE JURY WAS INSTRUCTED ON A LEGALLY INADEQUATE THEORY TO PROVE AN AGREEMENT TO PARTICIPATE IN A RICO CONSPIRACY, THAT IS, BY AGREEING PERSONALLY TO COMMIT AT LEAST TWO PREDICATE ACTS**
>
>       A.    <u>**THE COURT'S INSTRUCTION**</u>

In relevant part, the district court instructed the jury that to convict the Defendant of RICO conspiracy it must find

> Second: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan; namely, to conduct and participate directly or indirectly in the conduct of the affairs of the enterprise through a pattern of racketeering activity as charged in the indictment.
> Third: That the Defendant knowingly and willfully became a member of such conspiracy.
> Fourth: That at the time the Defendant knowingly and willfully agreed to join in such conspiracy, he or she did so with the specific intent <u>either</u> to personally participate in the commission of two predicate offenses as elsewhere

---

> 3.    THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE DEFENDANT CONSPIRED TO PARTICIPATE IN THE "OPERATION OR MANAGEMENT" OF THE RICO ENTERPRISE.
>
> 4.    THE RICO CONSPIRACY CHARGE WAS INSUFFICIENT BECAUSE IT FAILED TO ALLEGE ANY PREDICATE ACTS.
>
> 5.    APPELLATE COUNSEL WAS INEFFECTIVE IN FAILING TO ARGUE THAT THE TRIAL COURT'S DENIAL OF THE DEFENDANT'S MOTION FOR BILL OF PARTICULARS WHICH REQUESTED TO IDENTIFY ACTS NOT SPECIFIED IN THE RICO CONSPIRACY CHARGE WAS REVERSIBLE ERROR.

---

[2] Undersigned counsel will file this memorandum of law after Magistrate Judge Snow rules upon Movant's motion for permission to file a memorandum exceeding twenty (20) pages in length (but not longer than forty (40) pages).

> defined in these instructions, <u>or</u> that he specifically intended to otherwise participate in the affairs of the enterprise with the knowledge and intent that other members of the conspiracy would commit two or more predicate offenses as part of the pattern of racketeering activity.

(R1392-204)(emphasis added).[3]

On direct appeal, the Eleventh Circuit noted that an agreement to participate in a RICO conspiracy may be proved "through showing (1) the existence of an agreement on an overall objective, <u>or</u> (2) in the absence of an agreement on an overall objective that the Defendant agreed personally to commit two or more predicate acts." <u>United States v. Castro</u>, 89 F.3d at 1451 (emphasis added). Applying this test, the appeals court found that each Defendant "agreed on an overall objective and agreed personally to commit two or more predicate acts by paying kickbacks for SAPD appointments." <u>Id</u>.

### B. SALINAS v. UNITED STATES

In <u>Salinas</u>, <u>supra</u>, the United States Supreme Court held that to be convicted of conspiracy to violate RICO under 18 U.S.C. §1962(d), a conspirator need not himself have committed or agreed to commit the two or more predicate acts necessary for a substantive RICO offense under §1962(c). <u>Id</u>. at 476. Thus, proof of an

---

[3] Relying upon <u>United States v. Starrett</u>, 55 F.3d 1525,1544 (11th Cir. 1995) and <u>United States v. Valera</u>, 845 F.2d 923, 929 (11th Cir. 1988), the Eleventh Circuit has construed a nearly identical instruction to permit a jury to convict a Defendant of RICO conspiracy

> if it found that he agreed to conduct or to participate in the affairs of the...enterprise <u>either</u> by agreeing personally to commit at least two predicate acts for the required pattern of racketeering activity, or by agreeing to the overall objective and knowing that others were conspiring to participate in the same enterprise through a pattern of racketeering activity.

<u>United States v. Brazel</u>, 102 F.3d 1120, 1138 (11th Cir. 1997)(emphasis by court).

agreement to personally commit at least two predicate acts is neither sufficient nor necessary to sustain a conviction under §1962(d). Id. at 478. What is required is evidence that the Defendants agreed to the same criminal objective and to the commission of at least two acts of racketeering activity. Id. at 477-78.

Prosecutors in this case have recently argued that the government does not have to allege or prove that a Defendant committed or agreed to the commission of any predicate acts. (R1605-2).

> Rather, the RICO conspiracy count charges, <u>and the government need only prove</u>, that Sepe "agreed to corruptly utilize the Dade County Court System: in other words, that [he] agreed to the overall objective of the enterprise with the knowledge that others were also conspiring to participate through a pattern of racketeering." United States v. Shenberg, 89 F.3d 1461, 1471 (11th Cir. 1996), cert. denied, 117 S.Ct. 961 (1997).

Id. (emphasis added). In light of Salinas' rejection of the "personal commission rule" as a "proposition [that] cannot be sustained as a definition of the conspiracy offense", id. at 478, the government has ostensibly ceded that this alternative theory of proving the existence of a RICO conspiracy agreement, as set forth in United States v. Carter, 721 F.2d 1514, 1531 (11th Cir. 1984), is legally deficient.

### C.   COUNT 1 MUST BE VACATED

The RICO conspiracy conviction must be vacated because the jury was instructed on a legally deficient theory of proving an agreement to participate in a RICO conspiracy. The instruction in question, as well as the test applied by the Eleventh Circuit, would allow a jury[4] to base a general verdict (as rendered here)

---

[4]
> Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law....When ...jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error.

Griffin v. United States, 502 U.S. 46, 59 (1991).

on a theory that the Defendant agreed personally to commit at least two predicate acts <u>sans</u> an agreement on the same criminal objective. After <u>Salinas</u>, this is error.

Since the Defendant's RICO conspiracy conviction may have been based on the legally deficient theory, his conviction for that crime cannot stand, notwithstanding the existence of evidence to support guilt on an alternative legally sufficient theory. <u>Cf</u>. <u>United States v. Martinez</u>, 14 F.3d 543, 553-54 (11th Cir. 1994)(conviction reversed where legal defect existed in extortion instructions even though valid theory existed to support conviction); <u>United States v. Garcia</u>, 992 F.2d 409, 416 (2nd Cir. 1993)(same). See <u>United States v. Barona</u>, 56 F.3d 1087 (9th Cir. 1995); <u>United States v. Self</u>, 2 F.3d 1071 (10th Cir. 1993).

4. Clearly, if the government's position with respect to what it must prove to convict a person of a RICO conspiracy remains consistent, then Defendant Castro's conviction <u>must</u> be vacated. If that occurs, the judgment of forfeiture will automatically be vacated also.

5. Undersigned counsel is not herein asking this Court to decide the validity of the grounds raised in the Defendant's §2255 motion. However, counsel requests this Court to stay ruling upon the issuance of a final order of forfeiture[5] until Magistrate Judge Snow issues a report and recommendation and this Court has ruled upon the merits of the Defendant's post conviction claims.

6. Undersigned counsel was unable to confer with AUSA Barbara Papademetriou regarding her position with respect to this motion.

---

[5] Since execution upon the judgment of forfeiture would require the Defendant to dissolve an annuity to satisfy it, a stay as requested would protect the defendant from unnecessarily enduring that hardship. On the other hand, the government would not be prejudiced by such stay as assets to satisfy this judgment have been collateralized with this Court since 1994.

WHEREFORE, the Defendant, William Castro, requests this Honorable Court to grant this motion.

Respectfully submitted,

MARIA DEL CARMEN JIMENEZ, P.A.
2250 Southwest 3rd Avenue
Suite 201
Miami, Florida 33129
Tel: (305) 271-1313
Fax: (305) 598-2023
Florida Bar No. 359361

By: _____
Maria del Carmen Jimenez

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed to Assistant United States Attorney Barbara Papademetriou, 99 N.E. 4th Street, Miami, FL 33132, this 11th day of May, 1998.

_____
Maria del Carmen Jimenez