BP:bp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 91-708-CR-GONZALEZ(s)
CASE NO. 98-324-CIV-GONZALEZ

UNITED STATES OF AMERICA,
    PLAINTIFF,

v.

WILLIAM CASTRO,
    DEFENDANT.
_____/

**PLAINTIFF UNITED STATES'**
**MOTION FOR FINAL ORDER OF FORFEITURE**

Plaintiff United States of America respectfully moves for a **Final Order of Forfeiture** in the above-styled case, and in support thereof states the following:

1. On November 10, 1993, the trial jury found Defendant, **WILLIAM CASTRO**, guilty on Counts 1, 7-32, and 81.

2. On May 17, 1994, the Court entered a **Judgment of Forfeiture** [DE# 1373] and ordered that defendant William Castro's interest in $77,204.00 in U.S. currency is forfeited to the United States.

3. On July 14, 1994, this Court entered an **Order Staying Final Order of Forfeiture as to William Castro** pending his appeal. Further, it was ordered that:

    (a) the defendant is enjoined and restrained from directly or indirectly transferring, selling, assigning, pledging, giving away, encumbering, destroying, dissipating, wasting, or disposing of



      in any manner the tax-deferred annuity through USG Annuity and Life Company (policy number US 108038), without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard;

(b) the Defendant shall keep current any and all conditions to cashing out said annuity;

(c) the Defendant and Yolanda G. Minagorri are enjoined and restrained from directly or indirectly transferring, selling, assigning, pledging, giving away, encumbering, destroying, dissipating, wasting, or disposing of in any manner their interests in the townhouse owned by Dade Housing Investments, Inc. and located at 22025 S.W. 103 Court, Miami, Florida  33157, without prior approval of the Court upon notice to the Untied States and an opportunity for the United States to be heard;

(d) the Defendant and Yolanda G. Minagorri shall maintain homeowner's insurance covering the full value of the townhouse, keep current taxes, assessments and any mortgage payments and make all necessary maintenance repairs.

Further, it was ordered that if defendant William Castro's appeal for the racketeering conspiracy conviction was affirmed (and all other appellate remedies exhausted), then the judgment of forfeiture shall be satisfied in the following manner:

(a) the Defendant shall convey the surrender value of his annuity to the United States without the necessity of an independent action; and

(b) the Defendant and Yolanda G. Minagorri shall cause Dade Housing Investments, Inc. to convey title of the townhouse to the United States or to sell this property with the proceeds derived therefrom to be applied to satisfy the judgment.

4. On July 12, 1996, the conviction of William Castro was affirmed on appeal.

5. On December 19, 1996, in an **Agreed Order**, this Court further stayed the execution of the judgment of forfeiture until a final decision was rendered in the defendant's appeal to the United States Supreme Court and vacated the **Final Order of Forfeiture** entered December 11, 1996.

6. On February 18, 1997, the defendant's petition for a writ of certiorari was denied by the Supreme Court.

7. On March 7, 1997, Plaintiff United States filed a **Motion for Final of Forfeiture as to William Castro** [DE# 1564]. On or

about March 6, 1997, Defendant filed a **Motion for Proposed Final of Forfeiture** [DE# 1566]; on April 2, 1997, Plaintiff filed **United States' Response in Opposition to Defendant's Motion for Proposed Final Order of Forfeiture**; and on April 6, 1997, Defendant filed **Defendant Castro's Reply to United States' Response in Opposition to Defendant's Motion for Proposed Final of Forfeiture** [DE# 1573]. Aside from the issue of staying the issuance, defendant contended that he is entitled to a tax exemption on the monies he is using to satisfy his judgment of forfeiture in the amount of $77,204 for the corrupt receipt of court appointments. The United States re-incorporates its earlier response dated April 2, 1997 and states that Defendant's contention is without merit. The tax issue is still pending.

8. On July 16, 1997, this Court entered an **Order** [DE# 1582] granting the motion to sell the townhouse owned by Dade Housing Investments, Inc. and located at 22025 S.W. 103 Court, Miami, Florida 33157. The **Order** further directed that the net proceeds of the sale be deposited into the trust account of Vincent J. Flynn, Esq., in order to partially satisfy the $77,240.00 judgment of forfeiture. Additionally, it was additionally ordered that after this court enters a **Final Order of Forfeiture**, that Mr. Flynn shall issue a trust account check made payable to the U.S. Marshal's Service for the difference between the $77,204.00 and the

4

surrender value of the Defendant's annuity contract and then distribute the remaining monies to Dade Housing Investments, Inc.

9. On August 11, 1998, this Court entered an **Order** [DE# 1651] staying the issuance of a **Final Order of Forfeiture** until William Castro's 2255 motion was ruled on.

10. On or about January 17, 1999, Mr. Flynn's office informed the government that the townhouse located at 22025 S.W. 103 Court, Miami, Florida  33157 was sold and the proceeds of $28,901.11 were deposited into the trust account of Vincent J. Flynn, Esq. Thus, Defendant William Castro's interest in the proceeds would be $14,450.56 plus interest (one-half of $28,901.11 plus interest).

11. On February 28, 2003, this Court entered an **Order** [DE# 1713] denying William Castro's motions to vacate, set aside, or correct the conviction and sentence, pursuant to 28 U.S.C. § 2255.

12. The appellate remedies have been exhausted.

13. Therefore, the United States moves for a **Final Order of Forfeiture** declaring the property forfeited as to all parties and vesting full right, title and interest in the $77,204.00 in U.S. currency in the United States and that the judgment of forfeiture is to be satisfied in the following manner:

    (a) that the Defendant shall convey the surrender value of his tax-deferred annuity through USG Annuity and Life Company (policy number US 108038) to the United States; and

(b) that Mr. Flynn shall issue a trust account check made payable to the U.S. Marshal's Service for the difference between the $77,204.00 and the surrender value of the Defendant's annuity contract from the Defendant William Castro's one-half interest in the proceeds from the sale of the townhouse, that is, $14,450.56 plus interest and then distribute the remaining monies from the sale of the townhouse to Dade Housing Investments, Inc.

**WHEREFORE**, Plaintiff respectfully moves for a **Final Order of Forfeiture** as specified above directing the May 17, 1994 **Judgment of Forfeiture** [DE# 1373] of $77,204.00 in U.S. currency is to be satisfied within ten (10) days of the date of the order. A proposed order is attached.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: *Barbara Papademetriou*
BARBARA PAPADEMETRIOU
ASSISTANT U.S. ATTORNEY
FLA. BAR NO. 0880086
99 NE 4TH STREET
MIAMI, FL  33132-2111
TEL: (305)961-9036
FAX: (305)536-7599

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing **Motion for a Final Order of Forfeiture as to William Castro** was mailed on this 5th day of May 2003 to: Maria Del Carmen Jimenez-Diaz, Attorney for William Castro, 1375 NW 97th Avenue, Suite 5, Miami, Florida 33172-2854; and Vincent Flynn, Esq., Attorney for William Castro, 1221 Brickell Avenue, Suite 1020, Miami, Florida 33131-3258.

BY: *Barbara Papademetriou*
BARBARA PAPADEMETRIOU
ASSISTANT U.S. ATTORNEY

cc: AUSA Lawrence D. LaVecchio